UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marjan Cvijanovic, *Plaintiff*, v. Bear Fox Marketing, LLC, *Defendants*. | No. 25 CV 9470 <br><br> Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Marjan Cvijanovic filed this employment discrimination lawsuit against her former employer, Bear Fox Marketing, LLC, an Idaho-based company. Bear Fox moves to dismiss the lawsuit for lack of personal jurisdiction or, alternatively, to transfer venue. [Dkt. 9.][1] For the reasons below, the motion is denied.

**I. Background**

Bear Fox is a digital marketing agency based in Meridian, Idaho. In June 2024, Cvijanovic was hired as a Senior Account Manager. Her role was entirely remote and she worked from her home in Deerfield, Illinois. [Dkt. 1, ¶¶ 4, 9; Dkt. 18-1, ¶¶ 1-5.][2] As part of her onboarding, Bear Fox mailed a laptop to Cvijanovic's home and Cvijanovic submitted tax documents to Bear Fox listing her Illinois address. [*Id.*, ¶ 6.] Cvijanovic alleges that she communicated with her co-workers and supervisors from her home by telephone, email and video conference. [*Id.*, ¶ 8.]

Cvijanovic was pregnant at the time she was hired and disclosed her pregnancy to Bear Fox about two months after she began working. [Dkt. 1, ¶ 12.] After doing so, she alleges that someone at Bear Fox made derogatory comments to her about her gender and pregnancy status and shortly afterwards, she was demoted because she was pregnant. [*Id.*, ¶¶ 13-14.] A few weeks after that, Cvijanovic received an email notifying her that she was being terminated effective September 2024. [*Id.*, ¶ 19-20.] After exhausting her administrative remedies, this lawsuit followed. Cvijanovic's complaint alleges claims of gender discrimination under both Title VII and the Illinois Human Rights Act.

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.
[2] The following factual allegations are taken from the complaint and Cvijanovic's declaration, and accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023).

1

## II. Legal Standard

To decide a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). If, as here, the defendant submits "affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Rsch. Found. v. Sanofi Synthelabo*, S.A., 338 F.3d 773, 782–83 (7th Cir. 2003) (collecting cases across circuits). If the plaintiff fails to offer evidence of her own, the presumption flips and the court "will accept as true any facts in the defendants' affidavits that do not conflict with anything in the record." *Curry*, 949 F.3d at 393. It resolves factual conflicts in the plaintiff's favor. *Id.*

Similarly, to decide a motion to transfer venue, the court accepts as true all well-pleaded facts set forth in the complaint, except those "contradicted by affidavits or other appropriate evidence from the defendant." *Thomas v. Illinois Cent. R.R. Co.*, 2025 WL 1638475, at *1 (N.D. Ill. June 9, 2025) (quotations and citation omitted).

## III. Analysis

### A. Personal Jurisdiction

In cases invoked under federal question jurisdiction, such as those arising under Title VII, as well as state law pendent jurisdiction, 28 U.S.C. § 1367, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 589 (7th Cir. 2021) (quotations and citation omitted). Because Title VII does not authorize nationwide service of process, *see* 42 U.S.C. § 2000e-5(f)(3), the court may exercise jurisdiction "only if authorized both by Illinois law and by the United States Constitution." *Id.* Illinois "permits the exercise of personal jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause," and so the court "proceed[s] with a federal due process analysis." *Id.* at 590. Bear Fox, then, must possess "minimum contacts with [Illinois] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (cleaned up) quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two forms of jurisdiction: general and specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* 592 U.S. 351, 352 (2021). All agree that general jurisdiction does not apply here. "Whether specific personal jurisdiction exists turns on 'the relationship among the defendant, the forum, and the litigation.'" *B.D. ex rel. Myers v. Samsung SDI Co.*, 143 F.4th 757, 765 (7th Cir. 2025). The specific personal jurisdiction inquiry in a three-prong test. First, the defendant must "purposefully avail itself of the privilege of conducting activities within the forum State, thus

2

invoking the benefits and protections of its laws." *Id.* at 765-766 (citation modified). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford*, 592 U.S. at 359. Second, there must be an adequate connection between the defendant's activities in the forum and the suit, such that the suit "arises out of or relates to" the forum contacts. *Id.* at 766 (quoting *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017)). On this second consideration, the Seventh Circuit recently observed that one limit of the "relates to" prong is the concept of "fair warning—knowledge that a particular activity may subject [the defendant] to the jurisdiction of a foreign sovereign." *Samsung SDI Co.*, 143 F.4th at 771. That is, the defendant's activities in the forum must give clear notice of the particular type of claims the plaintiffs are bringing. *Id.* at 771–72. Third and finally, personal jurisdiction must accord with notions of fairness. *Id.*

Bear Fox argues that neither Cvijanovic's status as a remote employee in Illinois nor its "limited business in Illinois" give rise to specific personal jurisdiction. [Dkt. 10 at 6-7.] It has clients throughout the country, it explains, but it "does not purposely target or direct its business activities in Illinois." [Dkt. 10 at 8, Dkt. 1-1, ¶ 6.]

The court has little trouble concluding that Cvijanovic has made a *prima facie* showing that personal jurisdiction over Bear Fox is appropriate in Illinois. *Curry*, 949 F.3d at 401. Bear Fox hired Cvijanovic knowing that she resided in Illinois, and it offered her a remote position based in Illinois. It sent work equipment to her home in Illinois, and Bear Fox employees regularly communicated with her by telephone, email and video conference while she was in Illinois. Bear Fox sent Cvijanovic emails notifying her of its decision to demote and terminate her knowing that these contacts were directed at Illinois. Indeed, these communications were purposefully sent to a forum resident knowing that they would "most likely" be read in the forum. *Felland v. Clifton*, 682 F.3d 665, 676 n.3 (7th Cir. 2012); see also *Levin v. Posen Found.*, 62 F.Supp.3d 733, 740 (N.D. Ill. 2014); *Triad Capital Mgmt., LLC v. Private Equity Capital Corp.*, 2008 WL 4104357, at *5 (N.D. Ill. Aug. 25, 2008) ("[E]ven when contact takes place only via telephone or email, it can create a substantial connection between the defendant and the forum state.") So framed, the court cannot agree with Bear Fox that Cvijanovic's claims "relate exclusively to alleged events that occurred in Idaho." [Dkt. 10 at 8.] They do not.

On this record, Bear Fox's actions are not the result of "random, fortuitous, or attenuated contacts, or ... the unilateral activity of another party or a third person." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022). Cvijanovic has shown that Bear Fox purposefully directed its activities to Illinois by continuing its employment related contacts with her over the course of several months knowing that she was in Illinois. And she has shown that her discrimination claims of demotion and termination arise out of Bear Fox's forum-related contacts with this state. Her allegations are sufficient to allow for the exercise of personal jurisdiction.

3

Lastly, the court must ensure that its exercise of personal jurisdiction won't offend "traditional notions of fair play and substantial justice." *Curry*, 949 F.3d at 402. The court considers "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the dispute], and the shared interest of the several States in furthering fundamental substantive social policies." *Id*.

Bear Fox argues that it would be a tremendous burden for it to litigate in Illinois, "where all the witnesses for the case reside in Idaho," and when certain key witnesses[3] who are no longer employed with Bear Fox—but who reside in Idaho—would be beyond this court's subpoena power. It also argues that the district court in Idaho has an interest in this case given that Bear Fox is an Idaho business. [Dkt. 10 at 9-10.]

Exercising personal jurisdiction over Bear Fox does not run afoul of traditional notions of fair play and substantial justice. While Bear Fox may be burdened by having to defend an action in another state, "out-of-state defendants *always* face such a burden." *Felland*, 682 F.3d at 677 (emphasis in original). And Illinois—like all states—has an interest in providing a forum for its residents to seek redress for harms and injuries allegedly suffered within the state by out-of-state actors. *Levin v. Posen Found.*, 62 F.Supp.3d at 741. From Cvijanovic's perspective, Illinois is the most convenient and effective forum for her to seek relief. Indeed, she points to at least the same number of non-party witnesses whom she would call who would have to travel from this district to Idaho for trial. Nor could any burden on Bear Fox fairly be described as undue since so much litigation activity occurs remotely.

The motion to dismiss for lack of personal jurisdiction is denied.[4]

---

[3] Specifically, the former Director of Client Success and the former Senior Director of Agency Operations. [Dkt. 10-1, ¶ 9.]

[4] For these same reasons, the motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) is also denied. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which in the district is located." 28 U.S.C. § 1391(b)(1). A "defendant entity with the capacity to sue and be sued … is deemed to reside in any judicial district where there is personal jurisdiction." § 1391(c)(2). Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(2). "A substantial part does not mean 'most,' nor does it require the district court to be the best venue." *Savista, LLC v. GS Labs, LLC*, 2024 WL 1050159, at *4 (N.D. Ill. Mar. 11, 2024). Because the court has personal jurisdiction over Bear Fox and because events underlying the lawsuit occurred in this district, venue is proper here.

4

### B. Transfer Under 28 U.S.C. § 1404

Alternatively, Bear Fox argues that the court should exercise its discretion to transfer the case to the District of Idaho. "For the convenience of parties and witnesses, in the interest of justice," a court may transfer a case to any district or division where it could have been brought in the first instance. § 1404(a). Convenience and the "interest of justice" are separate elements. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

#### 1. Convenience

Five factors inform the court's convenience analysis: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties." *Castanon v. Illinois Cent. R.R. Co.*, 2025 WL 2076733, at *2 (N.D. Ill. July 23, 2025) (quotations and citation omitted). *See also Research Automation,* 626 F.3d at 978.

First, Cvijanovic's decision to bring her lawsuit in the Northern District of Illinois is afforded substantial deference. *Rudy v. D.F. Stauffer Biscuit Co., Inc.*, 666 F.Supp.3d 706, 715 (N.D. Ill. 2023)). That deference is heightened where, as here, she chose her home forum to litigate her dispute. *Nalco Co. v. Env't Mgmt., Inc.*, 694 F.Supp.2d 994, 998 (N.D. Ill. 2010). Illinois is both Cvijanovic's home and the location where some of the conduct that gave rise to her claims occurred.

Second, courts consider the situs of material events, which include "not just … where [a defendant's] decisions were made, but also where the calls and texts were received." *Sojka v. DirectBuy, Inc.*, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014). Both locations are relevant and, when conduct is not concentrated in either, the factor is neutral and afforded reduced weight. *Sojka*, 2014 WL 1089072, at *2; *AL & PO Corp. v. Am. Healthcare Cap., Inc.*, 2015 WL 738694, at *3 (N.D. Ill. Feb. 19, 2015).

Third, in the "computerized era of litigation, parties are no longer unduly burdened by the prospect of transferring mass amounts of electronic data and information," and so "little, if any, weight [is given] to the factor of access to sources of proof." *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 961 (N.D. Ill. 2013); *Castanon*, 2025 WL 2076733, at *3. It would be different if there was physical evidence or any need for an on-site visit, but it's hard to imagine that circumstance in a case like this one.

Fourth, outsized consideration is given to the convenience of witnesses—particularly non-party witnesses. *Castanon*, 2025 WL 2076733, at *3 ("convenience of the witnesses is the most important factor in the transfer analysis"). As already noted, Bear Fox lists several witnesses who it would call at trial who live or work in Idaho. Cvijanovic, for her part, responds with a list of just as many witnesses of her own who live in Illinois. But the witnesses Cvijanovic identifies are relevant to

damages only, *see* dkt. 19-2, so the court agrees with Bear Fox that this factor tips in its favor. Certainly fact witnesses, including those who were Cvijanovic's former colleagues, weigh in favor of Idaho as the more convenient forum.

Finally, as to party convenience, Bear Fox "has the burden of showing that the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Castanon*, 2025 WL 2076733, at *4. Bear Fox and its personnel are entirely based in Idaho. But transferring this action would almost certainly inconvenience Cvijanovic, whose testimony will be pivotal. This factor weighs against transfer.

Weighed in their totality, all but one factor weighs against a transfer, and considered together, the factors do not overcome the substantial deference afforded to a plaintiff's decision to bring this case in her home forum. *Nalco Co.*, 694 F.Supp.2d at 998.

### 2.   Interests of Justice

In assessing the interests of justice, the court considers "(1) the relationship of the community to the controversy and respective desirability of resolving controversies in each locale; (2) each court's familiarity with applicable law; and (3) the congestion of the respective dockets and prospects of earlier trial." *Thomas*, 2025 WL 1638475, at *3. *See also Research Automation, Inc.*, 626 F.3d at 978 (7th Cir. 2010); *S. Capitol Bridgebuilders*, 2021 WL 1426888, at *2 ("the 'public interest factors'").

Though the likelihood of a speedy trial favors a transfer, this case does not present complex claims. And as already explained, Cvijanovic is an Illinois resident who alleges employment discrimination by non-residents, weighing against transfer. On balance, the court concludes that a transfer is not warranted under § 1404(a). Illinois is a more appropriate venue for this case than Idaho, even if only slightly so.

## IV.   Conclusion

The motion to dismiss or alternatively to transfer is denied.

Enter: 25-cv-9470
Date: December 9, 2025

_____
Lindsay C. Jenkins